UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Zackary Andrew Brown,<br><br>   Petitioner,<br><br>v.<br><br>Warden of Minnesota Correctional Facility – Faribault; Keith Ellison, *Attorney General of State of Minnesota*; and Minnesota Attorney General's Office,<br><br>   Respondents. | File No. 22-cv-01122 (ECT/BRT)<br><br><br>**ORDER ACCEPTING REPORT<br>AND RECOMMENDATION** |

_____

  Petitioner Zackary Andrew Brown commenced this action pro se by filing a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania.  ECF No. 1.  The case was transferred to this District on April 29, 2022, because Brown was convicted, was sentenced, and is in custody in this District.  ECF No. 2.  The case is before the Court on a Report and Recommendation issued by Magistrate Judge Becky R. Thorson.  ECF No. 17 ("R&R").  The procedural history of this case is more completely described in the Report and Recommendation; here it is enough to say that Brown re-filed his petition and submitted additional documentation on May 13, 2022, and the Court considers this petition [ECF No. 7-1] as the operative pleading.  ECF Nos. 7–8; *see also* R&R at 1–2 & n.1.

  Magistrate Judge Thorson recommends dismissing Brown's petition without prejudice for failure to exhaust administrative remedies.  R&R at 2, 7.  Brown filed two sets of objections to the Report and Recommendation on June 30 and July 5, 2022, both

addressing exhaustion. ECF Nos. 18, 19.[1] Respondents did not file a response to Brown's objections. Because Brown has objected, the Court is required to review the Report and Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). The Court has undertaken that de novo review and has concluded that Magistrate Judge Thorson's analysis and conclusions are correct, and the issues Brown raises in his objections do not change the outcome here.

Brown takes issue with the conclusion that he has not exhausted available state court remedies because the time for him to appeal both the Minnesota Court of Appeals' affirmance of his conviction and the denial of his petition for postconviction relief has expired. Objs.; *see* R&R at 3, 5 n.2 (detailing Brown's appeal and petition for postconviction relief). Since the time period for appealing has passed, Brown says, he has exhausted all remedies offered by the state. Objs. That is not correct: the failure to timely appeal does not transform an unexhausted claim into an exhausted claim. *See Armstrong v. Iowa*, 418 F.3d 924, 925–26 (8th Cir. 2005). As Magistrate Judge Thorson stated, "Brown has simply not availed himself to [the state court process]," and his decision not to because he lacked financial resources for counsel "does not excuse him from exhausting state court remedies before pursuing a habeas corpus claim in federal court." R&R at 4.

---

[1] Brown's submissions appear to be electronic messages presented in multiple screenshots, each accompanied by the same text typed up on a single page. *See* Objs. [ECF No. 18 at 3; ECF No. 19 at 5]. Should Brown communicate with this Court or other courts in the future, he will be better served by sending documents that bear his handwritten signature, because while he proceeds pro se, only Brown can write and sign documents for himself, and submissions like those here do not allow a court to be certain the documents were written by the party himself. This time, but not necessarily in the future, the Court proceeds and assumes Brown wrote these objections.

Even assuming there is nothing left that Brown could do in state court, that does not get him anywhere but somewhere worse than Magistrate Judge Thorson's recommendation to dismiss Brown's petition without prejudice: procedural default and a dismissal *with* prejudice. Where "no state court remedy is available for the unexhausted claim—that is, if resort to the state courts would be futile—then the exhaustion requirement in § 2254(b) is satisfied, but the failure to exhaust 'provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas corpus review of the defaulted claim, unless the petitioner can demonstrate cause and prejudice for the default.'" *Armstrong*, 418 F.3d at 926 (citation omitted); *see also Thomas v. Payne*, 960 F.3d 465, 471 & n.4 (8th Cir. 2020) (explaining doctrine of procedural default and intersection with exhaustion requirement), *cert. denied*, 142 S. Ct. 1 (2021), *reh'g denied*, 142 S. Ct. 574 (2021). Where a claim is defaulted, dismissal will be with prejudice. *Armstrong*, 418 F.3d at 927.

If a petitioner demonstrates cause and actual prejudice for a procedural default, or actual innocence, federal habeas corpus review of the defaulted claim may be available. *Armstrong*, 418 F.3d at 926. It's worth noting that it seems unlikely Brown would be able to establish the "cause" part, given his decision not to pursue appeals. "Cause must be 'something external to the petitioner, something that cannot fairly be attributed to him.'" *Arnold v. Dormire*, 675 F.3d 1082, 1087 (8th Cir. 2012) (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). But the record here is not entirely complete on whether Brown has procedurally defaulted or, if so, whether an exception is applicable, so none of these

3

questions need be decided. What is apparent is that Brown has not exhausted his administrative remedies, so his petition will be dismissed without prejudice for that reason.

Brown also argues that although Respondents were not required to file a response to the petition, as Magistrate Judge Thorson stated, R&R at 6 n.3, Respondents were required by Federal Rules of Civil Procedure 8(c) and 12(b) to state all defenses to his claims, and the failure to do so means Respondents have admitted statements not denied, which in turn means Brown is entitled to a default judgment. Objs. Not so. "Pleading practice in habeas proceedings is . . . specified in federal statutes and the Habeas Rules, making Federal Rule of Civil Procedure 8 inapplicable." *Morrow v. Grandlienard*, No. 14-cv-3023 (PJS/BRT), 2015 WL 1782593, at *5 (D. Minn. Apr. 20, 2015) (citing 28 U.S.C. § 2243; Rules 2 and 5 of the Habeas Rules). "[U]nlike Rule 8(b)(6) of the civil rules, neither Rule 5 of the Habeas Rules nor any federal statute provides that an allegation in a § 2254 petition is deemed admitted if not specifically denied." *Id.* (citations omitted). "And even if Rule 8(b)(6) were applicable in habeas proceedings, its reach is limited to situations where 'a responsive pleading is required,'" which was not the case here. *Id.* (citing Fed. R. Civ. P. 8(b)(6)).

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS ORDERED THAT**:

1.  The Objections to the Report and Recommendation [ECF Nos. 18, 19] are **OVERRULED**;

2.  The Report and Recommendation [ECF No. 17] is **ACCEPTED** in full;

4

3. The Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus [ECF No. 7-1] is **DISMISSED WITHOUT PREJUDICE**;

4. Petitioner's Notice of Default [ECF No. 15] and Motions for Default Judgment [ECF Nos. 14, 16] are **DENIED AS MOOT**; and

5. No certificate of appealability will issue.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: July 27, 2022

s/Eric C. Tostrud
Eric C. Tostrud
United States District Court